*JUDGE SWEET*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

**10 CIV 7283**

Barbara Peterson

**COMPLAINT**

Jury Trial: Yes [x]  No [ ]

-Against-

The New York City Dept of Correction

1- Chief Larry W. Davis
2- Assistant Deputy Warden N. A. Velasquez # 54
3- Captain G. Vaughn # 441
4- Captain Irshand Weston # 1198
5- C. O. Dixon # 1997
6- C. O. A Holley # 14764
7- C. O. L Emerson-Boykin # 11402
8- C. O. L. Rue  # 14596
9- C. O. Bell # 13702
10- C. O. Lori Edmonds # 1192
11- COBA Legal Department (Jane Doe and John Doe)
12- Workman's Compensation Board
13- Deputy Inspector Raymond Caroli NYPD 6th Precinct
14- Inspector Gin Yee NYPD 5th Precinct
15- Commissioner of the Department of Investigations Rose Gill Hearn
16- Captain William Valerio DOI (John Doe)
17- Investigator for Compensation Board Li Li MF (Jane Doe)
19- NYC District Attorney's Office (John Doe)
20- Health and Management Division (HMD)
21- Doctor Mathur in HMD Office
22- Doctor Kwasink in HMD Office
23- Dora B. Schirro NYCDOC Trials and Litigation

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 6/5/17

JUL 20 2010

**I. Parties in this Complaint:**

A. List your name, address and telephone number. If you are presently in custody, include your identification number and the name and address of your current place of confinement. Do the same for any additional plaintiffs named. Attach additional sheets of paper as necessary.

**B. Plaintiff:**
    Name:                  Barbara Peterson
    Street Address:     610 Victory Blvd. Apt 2F
    County, City:       Richmond County
    State & zip code:   Staten Island N.Y. 10301
    Telephone Number: 646-515-0478

**B. List all defendants. You should state the full name of the defendant, even if that defendant is government agency, an organization, a corporation, or an individual. Include the address where each defendant may be served. Make sure that the defendant(s) listed below are identical to those contained in the above caption. Attach additional sheets of paper as necessary.**

**Defendants:**

1- Chief Larry W. Davis
2- Assistant Deputy Warden N. A. Velasquez # 54
3- Captain G. Vaughn # 441
4- Captain Irshand Weston # 1198
5- C. O. Dixon # 1997
6- C. O. A Holley # 14764
7- C. O. L Emerson-Boykin # 11402
8- C. O. L. Rue  # 14596
9- C. O. Bell # 13702
10- C. O. Lori Edmonds # 1192
11- COBA Legal Department (Jane Doe and John Doe)
12- Workman's Compensation Board
13- Deputy Inspector Raymond Caroli NYPD 6th Precinct
14- Inspector Gin Yee NYPD 5th Precinct
15- Commissioner of the Department of Investigations Rose Gill Hearn
16- Captain William Valerio DOI (John Doe)
17- Investigator for Compensation Board Li Li MF (Jane Doe)
19- NYC District Attorney's Office (John Doe)
20- Health and Management Division (HMD)
21- Doctor Mathur in HMD Office
22- Doctor Kwasink in HMD Office
23- Dora B. Schirro NYCDOC Trials and Litigation

**II. Basis for Jurisdiction:**

**Federal; Courts are courts of limited jurisdiction. Only two types of cases can be heard in Federal Court cases involving a Federal question and cases involving diversity of citizenship of the parties. Under 28 U.S.C. 1331, a case involving the United States Constitution of Federal laws or treaties is a federal question case. Under 28 U.S.C. 1332, a case in which a citizen of one state sues a citizen of another state and the amount in damages is more than $75,000 is a diversity of citizenship case**

A. What is the basis for Federal Court Jurisdiction?

[X] Federal question      [ ] Diversity of Citizenship

B. If the basis for jurisdiction is a Federal Question, what Federal Constitutional Statutory or treaty right is at issue?

1. 5 U.S.C. subsection 552 (a)(4)(b)
2. 28 U.S.C. subsection 1331
3. 28 U.S.C. subsection 1402 (b)
4. 29 U.S.C. subsection 621 -634
5. 42 U.S.C. subsection 12101 – 12117
6. 42 U.S.C. subsection 1983
7. 42 U.S.C. subsection 2000e to 2000e -17
8. 45 U.S.C. subsection 2000e (f)(3)
9. NYDOC Policies, Procedures and Directives in violation of the City state and Federal OSHA laws
10. NYDOC Policies, Procedures and Directives in violation of the Federal US constitutional law of notification
11. NYDOC Policies, Procedures and Directives in violation of the Federal US constitutional law of due process
12. NYDOC Policies, Procedures and Directives in violation of the Federal Right to Know Laws
13. Federal Tort
14. Due process under the U.S.C.

C. If the basis for jurisdiction ids diversity of citizenship, what is the state of citizenship of each party?

Plaintiff (s) State(s) of citizenship            NA
Defendant (s) State (s) of Citizenship           NA

III. Statement of Claim:

State as briefly as possible, the facts of your case. Describe how each of the defendants named in the caption of this complaint is involved, along with the dates and locations of all relevant events. You may wish to include further details such as the names of other persons involved in all the events giving rise to your claims. Do not cite any cases or status. If you intend to allege a number of related claims, number and set forth each claim in a separate paragraph. Attach additional sheets of paper as necessary.

**A. Where did the events giving rise to your claim(s) occur?**
   At Manhattan Courts at 100 Centre Street in lower Manhattan
   Date: April 26th 2010
   Time: 7:30 AM

**B. What date and approximate time did the events rise to your claim (s) occur?**
   At Manhattan Courts at 100 Centre Street in lower Manhattan Date: April
   Date: April 30$^{th,}$ 2010
   Time: 3:30 PM

**C. Facts**

On April 26th, 2010 at approximately 7:25 AM at Manhattan Courts at 100 Centre Street in lower Manhattan, a Law Enforcement Personnel to wit CO L Edmound # 11927 assaulted and stuck CO Peterson # 13727 three times and then documented that to NYCDOC administration as a verbal dispute. CO L Edmound # 11927 then proceeded to announce that she had a relationship with Chief Larry W. Davis, who would "look out for CO L Edmound # 11927 no matter what happens."

NYCDOC then alleged to the Workman's Compensations Board an uncontested story that the incident was caused by a violent inmate on Riker's Island in C-95 at a fictitious address 18-18 Haen Street, who sought to have CO Peterson # 13727 validate that story line to proceed with her claims.

When CO Peterson # 13727 sought to have her claims and grievances address through appropriate and proper channels to have CO L Edmound # 11927 arrested she was told to seek permission from NYCDOC and the NYPD.

When CO Peterson # 13727 went to the 6th precinct the told her that they do not process arrest in that precinct (a violation of her civil rights not to take her allegations and forward to the detectives unit) and to go to the 5th precinct she did and notified them of her complaint and to have CO L Edmound # 11927 arrested. To date CO L Edmound # 11927 is not being sought even through NYPD knows where to find and locate CO L Edmound # 11927 and no order of protection has been issued. CO Peterson # 13727 did what was asked and still no process has been initiated to address her claims.

NYCDOC sought to suspend CO Peterson # 13727 for five days but gave her ten. Never address the assault or her seeking to have the arrest affected. When CO Peterson # 13727 returned to work NYCDOC assigned her to Riker's Island at C-95 at 18-18 Hazen Street.

When CO Peterson # 13727 sought help from the Department of Investigations (DOI) her investigator Captain William Valerio DOI asked to take her out for drinks and dinner. This behavior violates the NYC Code of ethical conduct and Sexual Harassment Laws. Not addressing her concerns and threatening CO Peterson # 13727 with an arrest stating that he had "heard she was acting out in the 5th police precinct. Captain William Valerio DOI was arrested and lost his job a week later on other unrelated issues addressing conduct.

All these actions prevented me from due processes and helped to discriminate against my claim that an officer had stuck me. These incorrect statements prevented me from following up on my claim and displayed either a high percentage of error or criminal actions at the worst. I state that the rules and regulations and policies and procedures are in violation of USC laws and as such are unconstitutional.

- CO L Edmound # 11927 Post # 320 stuck me three times and said it was a verbal dispute
- CO B Dixon # 1997 properly relieved by Peterson
- CO Holley A # 14764 Post # 500 stated she heard what appeared to be an argument
- CO L Emerson-Boykin # 11402 End of tour stated verbal dispute but separated us
- CO L Rue # 14596 Post # 319 stated she heard loud argument
- CO M Bell # 13702 Meal Relief stated verbal exchange but separated us
- Captain G Vaughn # 441 Court Operations Supervisor stated in an official report that she called the area and spoke to Peterson
- Officer CO Peterson # 13727 Post # 303 Stated "I was assaulted by a staff member"

### Timeline

**On April 25th, 2010** on the 11x7 tour I, CO Peterson # 13727 reported to work and was assigned to the meal relief post I assumed my post with no problems on my shift.

**On April 26th, 2010** I was scheduled for a mutual on the 7x3 tour and relieved CO B Dixon # 1997 who stated I " properly relieved her of Post # 303". I assumed post # 303 and began the day. At that point CO L Edmound # 11927 was in front of the gate # 303. I open the gate to allow her to assume her assigned post # 320. She proceeded through the gate to her area.

I completed the security check and was logging in all my equipment on post. When CO L Edmound # 11927 approached the lock gate, and asked me CO Peterson # 13727 if this was my bag. I said yes. I opened the gate to retrieve the bag when she walked out of the gate and handed me my bag at this point CO L Edmound # 11927 began to speak to me in a very loud manner telling me that she did not want to be responsible for my fucking bag on her post I explained that I would be responsible for the bag on her post as it was secured and there was no area to secure it on my post. I explained that the bag was not in plain view and assure her that if anyone has any concerns with the bag I would address it. Minutes later she approached and she CO L Edmound # 11927 began (under color of law) to berate me about a clear authorized bag that belonged to me that was in a secure area.

CO L Edmound # 11927 began to scream that she is not going to be responsible for my bag. I responded back that she does not have to be responsible for my fucking bag. She continued to make statements about the authorized bag I tried to ignore her but she continued.

I stated that she would not be responsible for my fucking bag and I responded in the same manner as I was being addressed. She then began to get louder and more verbally abusive. I started to speak to CO L Emerson-Boykin # 11402 who was sitting on my post who then stated to me that she could not take all the noise in the area. I turn around while sitting in my seat at my assigned post when CO L Edmound # 11927 still screaming about the bag and standing over me assaulted me.

I was speaking to another officer C. O. L Emerson-Boykin # 11402 when I turned around and sat down at my assigned desk and began to write in the log book, CO L Edmound # 11927 then proceeded to punch me CO Peterson # 13727 in the face on the left side three times. I notified personnel and began to document the occurrence. There were more than five officers in the area all stated they heard something but saw nothing but they all heard a loud argument in a correctional facility. If that is true all officers would have responded and addressed the issue as it could have been an inmate escaping or an officer being attacked, yet all officers stated they heard something but saw nothing.

Warden Rose Argo wrote preliminary Report COD # 404-2010 stating claims that alleged that CO L Edmound # 11927 stuck CO Peterson # 13727 in face 3 times. Supervising Warden of Division III Jerome Davis requested 5 days suspension. The NYC DOC COD 24 Hour Report stated a physical altercation with no mention of an injury. Downtown Beekman Hospital Record that Officer Peterson stated CO L Edmound # 11927 punched me in the face causing Facial pain & Face Contusion.

**April 27th, 2010** - Reported to Workman's Compensation Board of injury my Employee Statement

**May 5th 2010** - Captain Irshand Weston # 1198 issued 4 Charges brought against me the victim. ADW N A. Velaquez # 54 issued 3 Charges brought against me the victim. CO Peterson # 13727 reported to HDM on first day of treatment of the facial pain & face Contusion. Beth Israel indicated and reported Facial pain & Face Contusion Signed. HIPAA Release for hospital records to be shared.

**May 11th, 2010** - ADW N A. Velaquez # 54 of Manhattan Detention Complex Wrote Unusual Incident Report stating conflicting statements. CO Peterson # 13727 was seen by the Radiology Department for a CT Exam and Facial Bone given RX for pain

**May 12th, 2010** - Workman's Compensation Board processed a fraudulent comp report stating I was attacked by a violent inmate on Rikers Island at 18-18 Haen Street when the incident occurred at Manhattan Courts MCD at 100 Centre Street in lower Manhattan

**May 13th, 2010** - HDM designated 24 hour out of home

**May 28th, 2010** - HDM DOC stated out of residence on 5/28/10

**July 1, 2010** - Workman's Compensation staffer pressured Peterson to submit docs that are incorrect

IV. Injuries
   Facial Pain
   Facials contusions
   Still under Doctors care

V. Relief

State what you want the Court to do for you and the amount of monetary compensation. If any, you are seeking, and the basis for such compensation
   a. Enforcement of My rights
   b. Have CO L Edmound # 11927 arrested
   c. Issue an order of protection as we live in the same county
   d. Sanction all public entities involved
   e. Assess claim and address damages
   f. Issue Injunction Order to NYCERS pending decision on CO L Edmound # 11927 retirement pending outcome of this case
   g. Issue Injunction Order to Workman's Compensation Board to address case and pay benefits
   h. Sanction Chief Larry W. Davis personally through demotion and or diplomacy charges for trying to protect a potential criminal and then trying to cover it up through official channels
   i. Transfer CO Peterson # 11270 back to command at MDC.
   j. Compensate CO Peterson # 11270 for lost earnings; reinstate full back pay with overtime
   k. Monitor retirement of CO Peterson # 11270 as a 20 year veteran
   l. Seek full disability due to the assault after CO Peterson # 11270 after retirement
   m. 10% of NYCDOC budget as compensation for violations of any Laws or my rights
   n. Order NYDOC to comply with Federal Notification and change polices and procedures to ensure that this never happen again.

I declare under penalty of Perjury that the foregoing is true and correct.

Signed this day 26th of July, 20 10

Signature of Plaintiff
Mailing Address     610 Victory Blvd. Apt 2F
Telephone Number    212-630-1723
Fax Number          NA

All plaintiffs named in the captions of the compliant must be date and sign the complaint

Signature of Plaintiff: _____

SOLA O. AGBAJE
Notary Public, State of New York
No. 01AG6102239
Qualified in Queens County
Commission Expires December 1, 20 11



UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

Barbara Peterson

- Against-

The New York City Dept of C...

1- Chief Larry W. Davis
2- Assistant Deputy Warden N. A. Velasquez # 54
3- Captain G. Vaughn # 441
4- Captain Irshand Weston # 1198
5- C. O. Dixon # 1997
6- C. O. A Holley # 14764
7- C. O. L Emerson-Boykin # 11402
8- C. O. L. Rue  # 14596
9- C. O. Bell # 13702
10- C. O. Lori Edmonds # 1192
11- COBA Legal Department (Jane Doe and John Doe)
12- Workman's Compensation Board
13- Deputy Inspector Raymond Caroli NYPD 6th Precinct
14- Inspector Gin Yee NYPD 5th Precinct
15- Commissioner of the Department of Investigations Rose Gill Hearn
16- Captain William Valerio DOI
17- Investigator for Compensation Board Li Li MF (Jane Doe)
19- NYC District Attorney's Office (John Doe)
20- Health and Management Division (HMD)
21- Doctor in Office that was with two doctors at once
New York City Police Department Commissioner Raymond Kelly

I, **Barbara Peterson** am the plaintiff in the above entitled case. I hereby request to proceed without being required to prepay fees or costs or give security therefore. I state that because of my poverty I am unable to pay the costs of said proceeding or to give security therefore, and I believe I am entitled to redress.

JUL 26 2010

1. **If you are presently Employed**
    a. give the name and address of your employer
    b. state the amount o your earnings per month

       Name:        New York City Department of Corrections
       Address:    60 Hudson Street
                      New York City
                      New York, N.Y.
       Amount of monthly Earnings  $  8073.53

Stamp content:
JUDGE SWEET
10 CV 7283
I.F.P. GRANTED.
Leave to proceed in this Court without payment of fees is authorized. 28 U.S.C. S 1915.
So Ordered;  SEP 2 1 2010
REQUEST TO PROCEED IN FORMA PAUPERIS
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
Chief Judge

2. If you are **not presently Employed**
   a. give the name and address of your employer
   b. state the amount o your earnings per month
   **Not applicable**

3. Have you received within the past twelve months, any money from any source? If so name the source and the amount of money you received

**Child Support File # 10909 Docket # F-01885-06**

---

   a. Are you received any public benefits            **NO**
   b. Do you receive any income from any other source   **NO?**

4. Do you have any money, including any money in a checking or savings account? If so how much

   Yes
   Checking Account: $5
   Savings Account: $5
   How much $10

5. Do you own any apartment, house or building, stocks, bonds, notes, automobiles or other property? If the answer is yes, describe the property and state its approximate value.

   Yes
   House: 924 Franklin Avenue Pennsylvania PA.
   Automobile Yes

⟨7⟩. List the people that you pay money to support and the amount
   Barbara Peterson     (5,000)   Paycheck that pays out Bill.
   Karimah Goldston    ($2,700)
   Kharismah Goldston ($2,700)   Children school Private school.
   Total: $10, 400

⟨6⟩. Do you pay rent or for a mortgage? If so, how much each month?
   Yes
   $1,230

8. State any special financial circumstance which the Court should consider.

Federal taxes ($1,052 Month)
Social Security ($406 Month)
Medicaid ($95 Month)
State Tax ($350 Month)
City Tax ($205 Month)
Food ($400 Month)
Rent ($1,230 Month)
Clothes ($400 Month)
Transportation ($330 Month)
Metrocard ($174 Month)
Phones ($180 Month)
Light ($230 Month)
Gas ($25 Month)
Private School for Karimah & Kharismah Goldston ($1,500 Month)
Life insurance ($360 Month)
Car insurance ($313 Month)
Car Note ($500 Month)
Municipal Credit Union Loans ($500 Month)
Lawyers Fee ($1,800 Month)
Cable bill ($120 Month)
Credit Card ($370 Month)
Total $11,376

**Debt owed per month $3, 000 plus**

I understand that the Court shall dismiss this case if I give a false answer to any questions in this declaration. In addition, if I give a false answer I will be subject to the penalties for perjury.

I declare under penalty of perjury that the foregoing is true and correct

Dated 7/26/10

Signature

SOLA O. AGBAJE
Notary Public, State of New York
No. 01AG6102239
Qualified in Queens County
Commission Expires December 1, 20 11